UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

OWEN HARTY, Individually,

    Plaintiff,

v.

Case No.

IDM EAST OAK, LLC, A Delaware Limited Liability Company, and TAWIL OAK RETAIL LLC, A Delaware Limited Liability Company,

    Defendants.

## COMPLAINT
(Injunctive And Other Relief Demanded)

Plaintiff, OWEN HARTY, Individually, on his behalf and on behalf of all other individuals similarly situated, hereby sues Defendants, IDM EAST OAK, LLC, A Delaware Limited Liability Company, and TAWIL OAK RETAIL LLC, A Delaware Limited Liability Company, for Injunctive Relief, and attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA").

1. Plaintiff is a Florida resident, lives in Broward County, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is paralyzed from the waist down and is bound to ambulate in a wheelchair. Plaintiff travels frequently to the Philadelphia metropolitan area to visit his family, attend gun shows, and maintain his business and client contacts.

2. Defendants' property, Forman Mills Plaza, 140 N. MacDade Blvd, Glenolden, PA 19036, is located in the County of Delaware.

3. Venue is properly located in the EASTERN DISTRICT OF PENNSYLVANIA because venue lies in the judicial district of the property situs. Defendants' property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq. See also* 28 U.S.C. §§ 2201 and 2202.

5. Plaintiff has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. Plaintiff has encountered architectural barriers at the subject property which discriminate against him on the basis of his disability and have endangered his safety. These barriers also prevent Plaintiff from returning to the property to enjoy the goods and services available to the public. Plaintiff is also a tester for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

6. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of Defendants' discrimination until Defendants are compelled to comply with the requirements of the ADA. Plaintiff is deterred from, and is denied the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendants' property equal to that afforded to other individuals. Plaintiff is aware that it would be a futile gesture to attempt to visit Defendants' property if he wishes to do so free of discrimination.

7. Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants own, operate, lease or lease to is known as Forman Mills Plaza, 140 N. MacDade Blvd, Glenolden, PA 19036.

8. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from Defendants' non-compliance with the ADA with respect to this property as described, but not necessarily limited to, the allegations in paragraph 10 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by Defendants. Plaintiff desires to visit Forman Mills Plaza not only to avail himself of the goods and services available at the property, but also to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. Defendants have discriminated against Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 *et seq*.

10. Defendants have discriminated, and are continuing to discriminate, against Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Forman Mills Plaza has shown that violations exist. These violations include, but are not limited to:

A. Defendant fails to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled.

B. Defendant fails to maintain its features to ensure that they are readily accessible and usable by the disabled.

C. There is a lack of compliant, accessible route connecting the disabled parking spaces with all the goods, services and facilities of the property, with obstructions, narrow or blocked passageways, excessive slopes, non-compliant curb approaches, hazards on ground surfaces. Defendants' failure to provide a compliant accessible route connecting all essential elements of the facilities makes it difficult, unsafe and/or impossible for Plaintiff to access the goods and services offered at the restaurant.

D. There is an insufficient number of compliant parking spaces and access aisles, with excessive slopes, missing signage, non-compliant signage. The lack of compliant parking makes it difficult, unsafe and/or impossible for Plaintiff to locate accessible parking, transfer from his vehicle to his wheelchair and access the shopping plaza.

E. There are non-compliant restrooms, with inaccessible commodes, lack of compliant grab bars, obstructions, non-compliant doorways, insufficient door clearance. The non-compliant, violative and inaccessible features in the public restrooms make it difficult or impossible for Plaintiff to use the restrooms for their intended purpose.

11. The discriminatory violations described in paragraph 10 are not an exclusive list of Defendants' ADA violations. Plaintiff requires an inspection of Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. Plaintiff, and all other individuals similarly

4

situated, have been denied access to, and have been denied the benefits of services, programs and activities of Defendants' buildings and facilities, and have otherwise been discriminated against and damaged by Defendants because of Defendants' ADA violations, as set forth above. Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, Plaintiff requires an inspection of Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. Defendants have discriminated against Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq.* and 28 CFR 36.302 *et seq*. Furthermore, Defendants continue to discriminate against Plaintiff and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation that have existed prior to January 26, 1992. *See* 28 CFR 36.304(a). In the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then Defendants are required to ensure, to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs. *See* 28 CFR 36.402. Finally, if Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendants is not required as a result of Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by Defendants.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendants to alter Forman Mills Plaza to make those facilities readily accessible and useable to Plaintiff and all other persons with disabilities as defined by the ADA, or by closing the facility until such time as Defendants cure their violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

b. The Court issue all remedies available under 42 U.S.C. Sections 12188 and 2000a-3(a) including but not limited to preventive relief, permanent or temporary injunction, restraining order, or other order, as the Court deems just and proper.

c. The Court issue injunctive relief against Defendants, including an Order

    (i) requiring the Defendants to make all readily achievable alterations to the Property and to the facility operated thereon so that the Property and such facility are made readily accessible to and usable by individuals with disabilities to the extent required by the ADA;

    (ii) requiring the Defendants to make reasonable modifications in policies, practices or procedures as are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities;

    (iii) requiring the Defendants to take such steps as are necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; and

    (iv) prohibiting the Defendants from perpetuating any acts and practices which result in the exclusion, denial of service to or discriminatory treatment of individuals with disabilities.

c. An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

        Respectfully Submitted,

        THOMAS B. BACON, P.A.

By: _____
    John F. Ward, Esquire (I.D. No. 81350)
    200 Country Club Rd.
    Royersford, PA 19468
    Phone: 610-952-0219
    Fax: 954-237-1990
    johnfward@gmail.com

April 21, 2017

# United States District Court
## EASTERN DISTRICT OF PENNSYLVANIA

OWEN HARTY, Individually,
    Plaintiff,

v.

IDM EAST OAK, LLC, A Delaware Limited Liability Company, and TAWIL OAK RETAIL LLC, A Delaware Limited Liability Company,
    Defendants.

**SUMMONS IN A CIVIL CASE**

**CASE NUMBER**

To: (Name and address of Defendant)
IDM EAST OAK, LLC
**c/o**
CT Corporation System
116 Pine Street, Suite 320
Harrisburg, PA 17101

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:

John F. Ward, Esquire
THOMAS B. BACON, P.A.
200 Country Club Rd.
Royersford, PA 19468

an answer to the Complaint which is herewith served upon you, within twenty-one (21) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____    _____
Clerk    Date

_____
(By) Deputy Clerk

# United States District Court

EASTERN DISTRICT OF PENNSYLVANIA

OWEN HARTY, Individually,
        Plaintiff,

v.

IDM EAST OAK, LLC, A Delaware Limited : **SUMMONS IN A CIVIL CASE**
Liability Company, and TAWIL OAK RETAIL
LLC, A Delaware Limited Liability Company, : **CASE NUMBER**
        Defendants.

To: (Name and address of Defendant)
    TAWIL OAK RETAIL LLC
    **c/o**
    National Registered Agents, Inc.
    116 Pine Street, Suite 320
    Harrisburg, PA  17101

    **YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:

John F. Ward, Esquire
THOMAS B. BACON, P.A.
200 Country Club Rd.
Royersford, PA 19468

an answer to the Complaint which is herewith served upon you, within twenty-one (21) days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____           _____
Clerk          Date

_____
(By) Deputy Clerk